**SAN ANTONIO NATURAL DEVELOPMENTS, INC., et al., Appellants,**

**v.**

**Flora SHIELD et vir, Appellees.**

**No. 3945.**

Court of Civil Appeals of Texas.

Eastland.

June 4, 1965.

Rehearing Denied June 25, 1965.

Carter, Callender & Onion, San Antonio, for appellants.

John O. Harris, Coleman, for appellees.

GRISSOM, Chief Justice.

Flora Shield and husband sued San Antonio Natural Developments, Inc., Centex Sand, Ltd., Orland Rene Von Pohlmann et al in trespass to try title to certain land in Coleman County. Plaintiffs pleaded the ten and twenty five year statutes of limitation. In an additional count they alleged that, in November 1960, plaintiffs executed and delivered to Robert C. Flowers and others a lease on said land for the purpose of mining silica sand; that said

lease had been assigned to Centex Sand, Ltd.; that all right and title conveyed thereby had terminated by reason of the failure of the lessees and assigns to comply with certain terms of the lease; that they had failed to pay the annual rental and to mine said land, which was required to keep the lease in force.

In a trial to the court, judgment was rendered awarding Flora Shield title and possession of the 223.4 acres. The court found in its judgment that said defendants had no title or interest therein and that the November, 1953 assignment of royalty to Von Pohlmann had terminated. The named defendants have appealed.

■ Von Pohlmann answered that he claimed an interest in said land created by an assignment to him whereby he was vested with a royalty interest in all minerals produced from said land. He alleged there was due and unpaid on said royalty interest $2,082.45.

Von Pohlmann's first point is that the court erred in holding that his right to collect royalty had terminated because the terms of his assignment were ambiguous and it should have been construed to convey the greatest estate consistent with the language used. Von Pohlmann points out that the assignment recites it was intended to cover all royalties reserved in any lease and was to be effective until its owner received $2500.00 "out of such royalties." The instrument under which Von Pohlmann claims he has the right to collect royalty until he receives $2500.00 recited that it assigned royalties to become due from any lease on a ten acre tract surrounding in the form of a square the British-American, Shield Well No. 1; that the grantee and his assigns were empowered "to collect the said royalty rights and benefits as the same shall become due and payable to lessee for same in grantors' behalf" and directed the lessees to pay "such royalties and benefits" to the grantee and his assigns "whose receipt for same shall in all things be grantor's receipt thereof."

It did provide that it was to be effective until the grantee or his assigns received $2500.00 "out of such royalties" whereupon the grantee should execute a release and reassignment of the royalties conveyed. But, said assignment expressly provided that it should "affect only those royalties, that are attributable to production of oil, gas or other minerals from that certain well known as the British-American, Shield No. 1 hereinabove mentioned." As we understand the record, said British-American Shield Well No. 1 stopped producing and there were no further royalties attributable to production therefrom. British-American Oil Producing Company executed a release of said lease and filed a disclaimer herein. We think the court did not err in holding that Von Pohlmann's right to collect royalties had terminated.

■ San Antonio Natural Developments, Inc. and Centex Sand, Ltd. answered plaintiffs' suit with a plea of not guilty. They filed a cross action for damages which they alleged they suffered by reason of plaintiffs' breach of a lease-option agreement. The court found that agreement had terminated. Said appellants contend the court erred in holding against them on their cross action for damages because the uncontroverted evidence and stipulations established that plaintiffs breached the terms of the lease-purchase agreement and that as a result thereof they were damaged $67,474.77.

Centex Sand and San Antonio Developments contention is, in effect, that they conclusively established that appellee breached the contract; that the breach was material and said appellants were thereby justified, as a matter of law, in refusing to make the minimum monthly payments required by their contract after September, 1963; that appellees' prosecution of their suit to clear title was not maintained within a reasonable time, nor with diligence, and, therefore said appellants, as a matter of law, were justified in refusing to make further minimum monthly royalty pay-

ments and as a result of appellees' breach of their contract said appellants were damaged $67,474.77, and, further, that there is no support for presumed findings favorable to the judgment. They say we should render judgment for said amount of damages.

Said appellants' cross action is based on the theory that because of certain defects in appellees' title they were prevented from financing development of the property. Appellees point out that abstracts covering the title were delivered to appellants' attorney, one of the original lessees, prior to closing the transaction and, after he examined them, lessees closed the lease-purchase agreement and made the down payment; that the original lessees inspected the property on the ground and saw the city water tank on the land; that Flowers was the agent of appellants; that they were informed of an unreleased oil lease held by British-American Oil Producing Company and certain unpaid taxes; that when they inspected the property on the ground they decided that the unplugged, abandoned gas well would be useful to said appellants and that the easement for a water line owned by the city would also be to their advantage; that said appellants and appellees entered into a supplemental agreement in December, 1961, wherein appellees agreed to file suit to clear the title and to confine the right of the City of Santa Anna to the boundaries of its easement; that such suit was filed; that said lessee filed a disclaimer and a release of the oil and gas lease was obtained and said city was restricted by the judgment to its known easement and said taxes were paid. We conclude that the court was justified in holding that appellees complied with their agreement and that appellants waived all prior defects. Furthermore, the court was not required by the evidence to find that the alleged defects in title prevented appellants from financing the project and caused the damages alleged. The evidence did not conclusively show that appellants suffered said damages because of such defects in the title.

The judgment is affirmed.